GUILD, Respondent, vs. DENISTON, Appellant.

*January 16—February 13, 1917.*

*Pleading: Counterclaim: Filing reply at trial: Vendor and purchaser: Contract construed: Rescission: Time for giving notice.*

1. The filing of a reply to a counterclaim was properly permitted at the trial in this case.
2. Under a land contract providing that the vendor would "any time before January 1, 1914, at the express option of the [vendee] and within thirty days of written notification by him," refund to said vendee the money paid by him and cancel the contract, the vendee did not need to give the notice of rescission thirty days before January 1, 1914, but might do so at any time before that date.

APPEAL from a judgment of the circuit court for Bayfield county: G. N. RISJORD, Circuit Judge. *Affirmed.*

This is an action to recover $300, with interest, which had been paid upon a land contract. Plaintiff claims to have rescinded the land contract.

On February 7, 1913, plaintiff and defendant entered into a written agreement whereby defendant agreed to sell to the plaintiff certain lands for $1,600. Of this sum $300

was paid at the time of the delivery of the contract and the balance was to be paid as specified in the contract with interest at six per cent. per annum.     The agreement contained the following provision:

"It is mutually agreed by and between the parties hereto that the said party of the first part will, any time before January 1, 1914, at the express option of the said party of the second part and within thirty days of written notification by him, refund to the said second party the sum of money by him paid according to the foregoing agreement, together with six per cent. interest upon the same from the date hereof, and surrender and cancel this contract."

It appears without dispute that plaintiff wrote defendant in December, 1913, exercising the option for the return of the money he paid and for the cancellation of the contract.

At the close of the trial plaintiff moved for a directed verdict in his favor, which motion was granted.     Judgment was entered in favor of the plaintiff in the sum of $371.80. From such judgment this appeal is taken.

The cause was submitted for the appellant on the brief of *John J. Fisher* of Bayfield, and for the respondent on that of *A. W. MacLeod* of Washburn.

SIEBECKER, J.     It is held in this case:

(1) That the court properly permitted the plaintiff to file a reply to defendant's counterclaim at the time the action was on trial.     This action of the court was clearly within its power to disregard any defect in the proceeding which does not affect any substantial right of the adverse party.

(2) That the trial court properly interpreted the provision of the contract giving the plaintiff the option to cancel the contract of the parties and compel the defendant to refund the money he had received on the contract with interest.     While the terms of this provision are not as clearly expressed as language might make them, yet they naturally convey the meaning that any time before January 1, 1914,

at the plaintiff's option ānd within thirty days of written notification by plaintiff, defendant will refund the amount plaintiff had paid on the contract with six per cent. interest and surrender and cancel the contract. The evidence shows that plaintiff did give defendant written notification that he exercised his option to cancel the contract and demanded repayment of the moneys paid thereon with interest. We consider that this was in compliance with the terms of the contract. The acts of the parties harmonize with this idea. Under these facts and circumstances the defendant was liable for the $300 he had received on the contract, and the court properly awarded judgment for the recovery thereof with interest.

*By the Court.*—The judgment appealed from is affirmed.